IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT EDWARD DELGADO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL ASTRUE, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civ. No. 08-512-SLR |

**MEMORANDUM ORDER**

At Wilmington this ‍‍ day of June, 2009, having considered plaintiff's motion for reversal and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 23) is granted as follows:

1. **Background**. On August 13, 2008, plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits. (D.I. 2) After defendant answered the complaint, plaintiff moved for summary judgment on March 3, 2009. (D.I. 10, 14) Defendant filed a motion for remand on May 26, 2009. (D.I. 20) The court granted defendant's motion and entered judgment on May 29, 2009. (D.I. 21, 22) Plaintiff filed a motion to reverse the ALJ's decision on June 9, 2009. (D.I. 23)

2. **Standard**. Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper*

*Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.*

3. **Discussion**. Liberally construing his papers,[1] the court views plaintiff's motion for reversal as a motion for reconsideration, wherein plaintiff opposes remand and requests that the court order an award of disability. A review of the record reflects that the court erred when it granted the motion to remand prematurely. Therefore, it is appropriate to consider plaintiff's opposition to the remand and plaintiff's motion for reconsideration is granted to this extent.

4. Having considered the motion and plaintiff's objection thereto, the court nevertheless finds remand appropriate because the record below was not fully developed, particularly with respect to the hypothetical questions presented to the

---

[1] Pro se litigants' submissions "are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements." *Kloth v. Southern Christian University*, 494 F. Supp. 2d 273, 278 n.7 (citing *Boag v. MacDougall*, 454 U.S. 364 (1982)).

vocational expert. *See Newell v. Commissioner of Social Security*, 347 F.3d 541, 549 (3d Cir. 2003); *Poulos v Commissioner of Social Security*, 474 F.3d 88, 95 (3d Cir. 2007). At the new hearing, the ALJ will need to obtain additional vocational expert testimony to determine whether plaintiff retains the residual functional capacity to perform work that exists in significant numbers in the economy.

_____
United States District Judge